**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 12-20125-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

v.

RYAN MARTIN VASSELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter was before the Court following on Order of Reference to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case. The Court having conducted a change of plea hearing on this date, it is recommended that the Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that

the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy pursuant to the requirements of Fed. R. Crim. P. 11.

4. There is no written plea agreement entered into by the parties. The Defendant pled guilty to Count 1 of the Indictment charging Defendant with knowingly and falsely representing himself to be a U.S. citizen, in violation of Title 18, United States Code, Section 911. The government agreed to dismiss the remaining count of the Indictment at sentencing.

5. The parties entered into a written factual proffer, Exhibit A to the hearing, that set forth a factual basis for the entry of the plea, which included all of the essential elements of the offense to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible maximum penalty in respect to Count 1 of the Indictment including three years imprisonment.

6.   Based upon all of the foregoing and the plea colloquy conducted by this Court, it is recommended that the Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment as more particularly described herein and that the Defendant be adjudicated guilty of such offense.

7.   A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for July 2, 2012, at 2:00 p.m., U.S. Courthouse, Courtroom 13-1 - 13th Floor, 400 North Miami Avenue, Miami, Florida.

ACCORDINGLY, this Court recommends to the District Court that the Defendant's plea of guilty be accepted, that the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 16th day of April, 2012, at Miami, Florida.

                                             /s/  *Edwin G. Torres*
                                             EDWIN G. TORRES
                                             United States Magistrate Judge